UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

FILED

AUG 2 2 2003

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JOHN DOE, a Minor,                          )
THROUGH NEXT FRIEND,                        )
BOB DOE,                                    )
                                            )
            Plaintiff,                      )   CASE NUMBER 1:03CV01789
                                            )
v.                                          )   JUDGE: Gladys Kessler
                                            )
                                            )   DECK TYPE: Civil Rights (non-employment)
THE DISTRICT OF COLUMBIA;                   )
MAYOR ANTHONY WILLIAMS, in his              )   DATE STAMP: 08/22/2003
official capacity; DISTRICT OF              )
COLUMBIA CHILD AND FAMILY                   )
SERVICES; OLIVIA A. GOLDEN, in              )
her official capacity, MAUREEN              )
WILLIAMS-JAMES; SOPHIA MICKENS;             )
DARRYL TURNER, JUDITH ABUNAW;               )
DAN CRADDOCK;                               )
ASSOCIATES FOR RENEWAL IN                   )
EDUCATION, INC. d/b/a COLUMBIA              )
HOUSE II; VASHON ALLEN;                     )
WANDA DANIELS; ANTONIO WHITE;               )
KENYA WIGGINS; JAMES A. RICE                )
PSI FAMILY SERVICES, INC.; PAT              )
GONZALES, KAREN CLONTZ; BONNIE              )
RUSHING,                                    )
                                            )
            Defendants.                     )

**MOTION FOR LEAVE TO PROCEED IN PSEUDONYM**

Plaintiff respectfully requests that this court allow Plaintiff, a minor, Plaintiff's biological parents, and step-mother to replace their real names with pseudonyms in all filings pursuant to this matter. As set forth in greater detail in the accompanying memorandum in support, this matter involves highly sensitive information regarding the

1

minor child and there would be no benefit to the public if the minor child's name or the names of the minor child's parents or stepparent were revealed.

WHEREFORE, Plaintiff respectfully requests that this Court grant the Motion for Leave to Proceed In Pseudonym and allow the minor child to be known as John Doe, the minor child's biological mother to be known as Jane Doe, the minor child's biological father to be known as Bob Doe, and the minor child's step-mother to be known as Sally Doe.

                                           Respectfully Submitted,

                                           */s/ Drew Harker*

                                           DREW HARKER (bar no. 412527)
                                           COURTNEY INGRAFFIA (bar no. 456634)
                                           SARA PALMER (bar no. 477001)
                                           KATHERINE HENDLER (bar no. 481848)

                                           ARNOLD & PORTER
                                           555 12TH STREET, NW
                                           WASHINGTON, D.C. 20004
                                           (202) 942-5000 (PHONE)
                                           (202) 942-5999 (FAX)

                                           **ATTORNEYS FOR PLAINTIFF**

Dated: August 21, 2003

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

**FILED**

AUG 2 2 2003

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JOHN DOE, a Minor, )
THROUGH NEXT FRIEND, )
BOB DOE, )
                             )
        Plaintiff, )
                             )
v.                        )    Civil Action No. _____
                             )
                             )
THE DISTRICT OF COLUMBIA; )
MAYOR ANTHONY WILLIAMS, in his )
official capacity; DISTRICT OF )
COLUMBIA CHILD AND FAMILY )
SERVICES; OLIVIA A. GOLDEN, in )
her official capacity, MAUREEN )
WILLIAMS-JAMES; SOPHIA MICKENS; )
DARRYL TURNER, JUDITH ABUNAW; )
DAN CRADDOCK; )
ASSOCIATES FOR RENEWAL IN )
EDUCATION, INC. d/b/a COLUMBIA )
HOUSE II; VASHON ALLEN; )
WANDA DANIELS; ANTONIO WHITE; )
KENYA WIGGINS; JAMES A. RICE )
PSI FAMILY SERVICES, INC.; PAT )
GONZALES, KAREN CLONTZ; BONNIE )
RUSHING, )
                             )
      Defendants. )

03 1789

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
## FOR LEAVE TO PROCEED IN PSEUDONYM

Plaintiff respectfully submits this memorandum in support of the Motion Requesting Leave to Proceed in Pseudonym so as to protect the identity of Plaintiff – a minor.

Plaintiff, John Doe, an eight year old, was placed in a group home in violation of District of Columbia Child and Family Services ("CFSA") regulations. Specifically, CFSA regulations prohibit the placement of children below the age of twelve in a group home. At the time of his placement John Doe was 7 years old. While residing at the group home, John Doe was sexually assaulted numerous times by an older boy while several other boys watched. Consequently, John Doe, through his father, who will be referred to as Bob Doe throughout this motion, is filing suit against the defendants for violation of John's civil rights and negligence. Due to the highly sensitive and personal nature of the subject of this suit and the fact that John Doe is eight years old, Plaintiff respectfully requests that this Court allow him to proceed in pseudonym.

I. **ARGUMENT**

Rule 10(a) of the Federal Rules of Civil Procedures requires that the title of every complaint "include the names of all the parties." FED. R.CIV. P. 10(a). Nevertheless, many federal courts have permitted parties to proceed anonymously when special circumstances justify secrecy. *See Doe v. Madison School Dist. No. 321*, 147 F.3d 832, 833 n. 1 (9th Cir.1998), vacated on other grounds, 177 F.3d 789 (9th Cir. 1999) (en banc) (granting a high school student's motion to proceed in pseudonymnity because of her fear of retaliation from her community); *Doe v. INS*, 867 F.2d 285, 286 n. 1 (6th Cir. 1989) (allowing plaintiff to proceed in pseudonym to protect his family from any reprisals); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (anonymity warranted to protect minor plaintiffs against risk of violence from revelation of unpopular personal beliefs); *Doe v. Harlan County School District*, 96 F.Supp.2d 667 (E.D. Ky 2000) (allowing minor children to proceed in anonymity because they could be subject to humiliation and

embarrassment and the opposing party was not prejudiced by the use of pseudonyms); *Roe v. City of Milwaukee*, 37 F.Supp.2d 1127 (E.D. Wis. 1999) (allowing plaintiff to proceed in pseudonym because he was concerned that the litigation could result in disclosure of his HIV-positive status). Exceptional circumstances justify the departure from the normal methods governing proceedings in court. *See Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). Protection of children, rape victims, and other particularly vulnerable parties and witnesses are examples of circumstances where courts have found proceedings in pseudonym appropriate. *See Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997); *Doe v. City of Marion*, 2002 WL 32072794 (N.D. Ind. Feb. 1, 2002) (citing *Jessup v. Luther*, 2002 WL 73721 (7th Cir. Jan. 17, 2002)).

The test for determining whether a plaintiff can proceed anonymously is whether the plaintiff has a substantial privacy right that outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Stegall*, 653 F.2d at 186. "[C]ourts have permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm, *see id.*, 653 F.2d at 186; [] (2) when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature,' *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); *see also Doe v. United Services Life Ins. Co.*, 123 F.R.D. 437 (S.D.N.Y.1988) (allowing plaintiff to sue insurance company anonymously to protect against identification as a homosexual); [] and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal

prosecution,' *Stegall*, 653 F.2d at 185[]." *Does I Though XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000).

In this case, anonymity is necessary due to the highly sensitive and personal nature of the circumstances surrounding several instances of child molestation against John Doe. Clearly Plaintiff's situation does not amount to mere embarrassment. Indeed, the facts of this case are highly sensitive and disclosure of John Doe's true identity could result in additional personal embarrassment, ostracism, and possible psychological damage to an eight-year-old child. Since the child's identity could easily be determined by disclosing his parents' and stepmother's name, it is also necessary that they be referenced by pseudonym as well. By allowing the Plaintiff, his parents, and stepparent to proceed in pseudonym, the public's right of access to judicial process is preserved while at the same time preserving Plaintiff's right to privacy.

For the foregoing reasons, Plaintiff respectfully requests that he be allowed to proceed in pseudonym as John Doe, his biological mother be allowed to proceed in pseudonym as Jane Doe, his father be allowed to proceed in pseudonym as Bob Doe, and his stepmother be allowed to proceed as Sally Doe.

Respectfully Submitted,

DREW HARKER (bar no. 412527)
COURTNEY INGRAFFIA (bar no. 456634)
SARA PALMER (bar no. 477001)
KATHERINE HENDLER (bar no. 481848)

ARNOLD & PORTER
555 12TH STREET, NW
WASHINGTON, D.C. 20004

(202) 942-5000 (PHONE)
(202) 942-5999 (FAX)

**ATTORNEYS FOR PLAINTIFF**

Dated: August 21, 2003