**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN DOE, a Minor, ) | |
| THROUGH NEXT FRIEND, ) | |
| BOB DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No. 03-CV-01789-(GK) |
| ) | |
| ) | |
| THE DISTRICT OF COLUMBIA; ) | |
| MAUREEN WILLIAMS-JAMES; SOPHIA ) | |
| MICKENS; DARRYL TURNER, JUDITH  ) | |
| ABUNAW; DAN CRADDOCK; ) | |
| ASSOCIATES FOR RENEWAL IN ) | |
| EDUCATION, INC. d/b/a COLUMBIA ) | |
| HOUSE II; VASHON ALLEN; ) | |
| WANDA DANIELS; ANTONIO WHITE;  ) | |
| KENYA WIGGINS; JAMES A. RICE ) | |
| PSI FAMILY SERVICES, INC.; PAT ) | |
| GONZALES, KAREN CLONTZ; BONNIE ) | |
| RUSHING, ) | |
| ) | |
| Defendants.  ) | |

**MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

Plaintiff, Joe Doe, through and by his undersigned attorneys, moves the Court for

an order to compel defendant District of Columbia to comply with plaintiff's November

20, 2003 subpoena.

**BACKGROUND**

Plaintiff filed his complaint in this case on August 22, 2003.  Plaintiff

successfully served defendants the District of Columbia, Mayor Anthony Williams,

District of Columbia Child and Family Services, and Olivia A. Golden.[1]  In addition,

District employees Maureen Williams-James, Judith Abunaw, Darryl Turner, and Dan

Craddock were served at their workplace and service was accepted by administrative

assistant Valorie Gainer.  *See* Ex. A-D.  One additional District employee, Sophia

Mickens, was served personally on September 2, 2003. *See* Ex. E.  Plaintiff's counsel was

contacted by Nadine Wilburn, of the District's Corporation Counsel Office, who

indicated that she represented the District, CFSA, Mayor Williams, and Olivia Golden,

and that she would represent the individual employees but disputed that they were

properly served.[2]

Thereafter, plaintiff's counsel attempted to find home addresses for Williams-

James, Abunaw, Turner, and Craddock. Plaintiff's counsel first contacted Ms. Wilburn on

November 18, 2003 and asked for the current or last known home addresses for these

defendants.  Ms. Wilburn asked if plaintiff would consider releasing the employees if she

agreed to make them available for depositions.  Plaintiff's counsel would not agree, and

Ms. Wilburn subsequently stated that she would make plaintiff "jump through hoops" to

get this information.  Plaintiff's counsel again contacted Ms. Wilburn to ask if she would

accept service of the subpoena on behalf of the District, but voicemail messages were not

returned.

---

[1] Defendants Child and Family Services, Anthony Williams, and Olivia Golden have since been dismissed from the case.  *See* Order (October 15, 2003).

[2] Ms. Wilburn did not explain the basis for her statement about inadequate service. Assuming that the basis for her statement was that Ms. Gainer was not authorized to accept service on behalf of Maureen Williams-James, Judith Abunaw, Darryl Turner, and Dan Craddock, Sophia Mickens was personally and properly served.  Ms. Mickens' answer was due on September 22, 2003.  However, she filed no answer or responsive pleading, and Ms. Wilburn has not appeared on her behalf.  Plaintiff will shortly and separately move the Court to enter a default judgment against her.

Accordingly, on November 20, 2003, plaintiff's counsel issued a subpoena to the District of Columbia seeking the personnel files of Maureen Williams-James, Sophia Mickens, Darryl Turner, and Dan Craddock.[3] *See* Ex. F.  Plaintiff's counsel served the subpoena upon the same address that the complaint had been successfully served.  The subpoena required that any responsive documents be produced to the offices of plaintiff's counsel by December 5, 2003.

Plaintiff's counsel failed to receive the documents required by the subpoena by the return date of December 5, 2003.  Plaintiff's counsel attempted to contact Ms. Wilburn by telephone on December 9, 2003, but a phone message was not returned. Plaintiff's counsel again called Ms. Wilburn on December 10, 2003, leaving a message asking for a prompt return call and indicating that plaintiff was contemplating filing a motion to compel to enforce the subpoena. Ms. Wilburn finally returned the phone call at 5:30 p.m. on December 12, 2003, and stated that she had not received the subpoena and would oppose plaintiff's enforcement of the subpoena.  However, plaintiff maintains that the subpoena was properly served and is enforceable.   Accordingly, plaintiff now asks the Court to enforce plaintiff's subpoena.  Without this information, plaintiff cannot properly serve the individual District employees.

**ARGUMENT**

Plaintiff's subpoena was issued on November 20, 2003, and the subpoena was served on the District of Columbia on the same day.  *See* Ex. F.  Plaintiff allowed

---

[3] Plaintiff's counsel inadvertently excluded Judith Abunaw from the November 20, 2003 subpoena and included Sophia Mickens despite the fact that she had been properly served.  Accordingly, on December 10, 2003, Plaintiff issued an additional subpoena to the District seeking the personnel file of Ms. Abunaw, with a return date of December 19, 2003.  *See* Ex. G.

defendant fifteen days to respond.  Rule 45 of the Federal Rules of Civil Procedure governs the issuance of subpoenas, and the rule provides fourteen days from service to make objections to a subpoena.  Fed. R. Civ. P. 45(c)(2)(B).  This fourteen-day period concluded on December 4, 2003.

However, defendant failed to respond in any way to plaintiff's subpoena. Defendant could have filed objections, or made a motion to quash the subpoena. However, given that the period for compliance has expired, a motion to quash the subpoena now would be untimely.  *See United States ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 238 F. Supp. 2d 270, 278 (D.D.C. 2002).  Defendant failed to take *any* such step however, and simply ignored its duty to respond to the subpoena entirely.  Accordingly, Rule 45 provides the available remedy.  "Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued."  Fed. R. Civ. P. 45(e); *see also Jackson v. Brinker*, 147 F.R.D. 189, 197 n. 7 (S.D. Ind. 1993) ("While subdivision (e) speaks of contempt for failure to 'obey' a subpoena, the context makes clear that what is meant is contempt for *ignoring* a subpoena, i.e. for failing to 'respond' to a subpoena by either complying or expressly raising objections under subparagraphs (c)(2)(B), (c)(3)(A), or (c)(3)(B).") (emphasis in original).

Plaintiff does not seek an order of contempt against the District.  Plaintiff simply wishes an order to compel the District to produce this information so that plaintiff may comply with his obligations to serve the unserved defendants.  Accordingly, plaintiff respectfully requests that the Court order the District of Columbia to comply with

4

plaintiff's November 20, 2003 subpoena and produce the personnel files of Maureen

Williams-James, Sophia Mickens[4], Darryl Turn, and Dan Craddock to plaintiff.

Dated: December 12, 2003
        Washington, DC.

                                     Respectfully submitted,


                                     /s/
                                     _____
                                     DREW HARKER (bar no. 412527)
                                     COURTNEY INGRAFFIA (bar no. 456634)
                                     SARA PALMER (bar no. 477001)
                                     KATHERINE HENDLER (bar no. 481848)

                                     ARNOLD & PORTER
                                     555 12th Street, N.W.
                                     Washington, D.C. 20004
                                     (202)942-5000 (phone)
                                     (202)942-5999 (fax)

                                     **ATTORNEYS FOR PLAINTIFF**

---

[4] While Mickens has already been properly served, plaintiff still seeks to enforce the
subpoena as to Mickens' personnel file as well. In the event there is some challenge to
the validity of the service to Mickens, plaintiff would like to obtain this information now
in case service at her home becomes necessary.

## <u>CERTIFICATE OF SERVICE</u>

I, Katherine R. Hendler, hereby certify that on December 12, 2003, a true copy of

plaintiff's motion to compel compliance with subpoena was served by first class mail,

postage prepaid, as follows:

Nadine Chandler Wilburn, Esq.
Assistant Deputy Corporation Counsel, D.C.
441 4th Street, N.W. 6N98
Washington, D.C. 20001
(202) 442-9840
(202) 727-3625 (fax)

William John Hickey, Esq.
Godwin & Hickey, L.L.C.
33 Wood Lane
Rockville, MD 20850
(301) 424-6300
(301) 294-4568 (fax)

Thomas S. Schaufelberger, Esq.
Wright, Robinson, Osthimer & Tatum
5335 Wisconsin Avenue NW, Suite 920
Washington, DC 20015-3030
(202) 895-7209
(202) 244-5135 (fax)

_____/s/_____
Katherine R. Hendler