## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, a Minor, ) | |
| THROUGH NEXT FRIEND, ) | |
| BOB DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 03-CV-01789-(GK) |
| ) | |
| ) | |
| THE DISTRICT OF COLUMBIA; ) | |
| MAUREEN WILLIAMS-JAMES; SOPHIA ) | |
| MICKENS; DARRYL TURNER, JUDITH ) | |
| ABUNAW; DAN CRADDOCK; ) | |
| ASSOCIATES FOR RENEWAL IN ) | |
| EDUCATION, INC. d/b/a COLUMBIA ) | |
| HOUSE II; VASHON ALLEN; ) | |
| WANDA DANIELS; ANTONIO WHITE; ) | |
| KENYA WIGGINS; JAMES A. RICE ) | |
| PSI FAMILY SERVICES, INC.; PAT ) | |
| GONZALES, KAREN CLONTZ; BONNIE ) | |
| RUSHING, ) | |
| ) | |
| Defendants. ) | |

### REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL THE DISTRICT OF COLUMBIA TO COMPLY WITH SUBPOENA

Plaintiff, by and through his undersigned counsel, now replies to the District of

Columbia's December 22, 2003 response to plaintiff's motion to compel compliance with

subpoena.  Plaintiff maintains that he is entitled to discover complete, unredacted copies

of the personnel files of Maureen Williams-James, Darryl Turner, Dan Craddock, Sophia

Mickens, and Judith Abunaw.

Defendant asserts that the District will only produce these personnel files under a

court order because they are "confidential pursuant to federal and local law."  Def.'s

Resp. at 1.  However, the District failed to raise any legal objection to the subpoena

during the proper time for response to the subpoena, and even now simply baldly asserts

the confidentiality of these records.[1]  Defendant also asserts that "it is the practice of the

District of Columbia, even when producing personnel files under a protective order, to

redact the home address and other information such as designation of beneficiaries

relating to insurance, given the confidential and sensitive nature of this information."

Def.'s Resp. at 1.  Plaintiff maintains that an order from this Court that incorporates a

protective order regarding this information will fully satisfy defendant's concerns.

Defendant fails to cite to a single statute or case to support the claim that these

records are confidential.  In conversation with plaintiff's counsel, defendant's counsel

asserted that the claim of confidentiality arises from the District of Columbia Code.

However, plaintiff has failed to determine which code section creates any explicit

protection of personnel files.  While the D.C. Code includes a provision which allows an

employee access to her own personnel file, *see* D.C. Code § 1.631-.05, and includes a

provision which explicitly states that certain personnel information is public, *see* D.C.

Code § 2.536, plaintiff has found no provision in the D.C. Code which would require a

court order to enforce this subpoena.

Defendant also claims that its confidentiality claim is based upon federal law.

Presumably, defendant relies on the Privacy Act, incorporated within the Freedom of

---

[1] Defendant's counsel claims that despite the November 20, 2003 service of the subpoena
upon the District of Columbia, she did not receive the subpoena until December 15, 2003.
Before serving the subpoena upon the Secretary of the District of Columbia, plaintiff's
counsel attempted to reach defendant's counsel by telephone to obtain her consent to
serve her on behalf of the District, but phone messages were not returned. Accordingly,
upon learning at 5:30 p.m. on Friday, December 12, 2003 that defendant's counsel had
failed to receive the subpoena, plaintiff's counsel faxed the subpoena to her that evening.
*See* Ex. A.

Information Act, which protects personal records such as personnel files. *See* 5 U.S.C. § 552(b)(6). However, courts in the District of Columbia have found that records protected by the Privacy Act may be produced when compelled by court order. *See Pleasants v. Allbaugh*, 208 F.R.D. 7, 12 (D.D.C. 2002); *Broderick v. Shad*, 117 F.R.D. 306, 312 (D.D.C. 1987). In these cases, courts have recognized that production under court order is often accompanied by a protective order to prevent private information from being disclosed. *See Pleasants*, 208 F.R.D. at 12. The Act does not create an exemption like that which the District seeks for confidential information. These cases anticipate the protection of this information but allow the party seeking it full access to the information subject to such protection.

Furthermore, at least one federal court has permitted the release of personnel files subject to a protective order. *See Zhou v. Pittsburg State University*, No. 01-2493-KHV, 2002 WL 1932538, *2 (D. Kan. 2002). In that case, as here, defendant moved to quash plaintiff's subpoena seeking personnel files on the grounds that such files were confidential. *Id.* at *1. However, the district court did not quash the subpoena, but rather ordered the defendant to respond once a protective order was in place. *Id.* at *2. With such an order in place, it is perfectly acceptable to release these records, and the agreed protective order will bind plaintiff to maintaining the confidentiality of the requested personnel files.

Plaintiff is willing to consent to a protective order, but maintains that there is no need for redaction while a protective order is in place. All of the information produced by the District will be kept in strict confidence. The order requires that "no person receiving the confidential records or information contained therein shall publish, disclose,

or use it for any purpose other than the above-referenced litigation without Order of this Court." Plaintiff has demonstrated a real need for the information in these files. The District argues that these defendants are available and should be served at work, but plaintiff has thus far been unable to serve them there.[2]

In addition to the four defendants first named in plaintiff's opening motion to compel compliance with subpoena, plaintiff also requests that any order by the Court permitting the production of personnel records include CFSA employee Judith Abunaw. As noted in the motion, a second subpoena was sent to the District seeking Abunaw's personnel file, and the return date for the subpoena, December 19, 2003, has also passed. The proposed order accompanying this reply includes Abunaw as well as the other defendants noted in plaintiff's motion.[3]

For the foregoing reasons, plaintiff respectfully requests that the Court order the District of Columbia to comply with plaintiff's subpoena and produce complete, unredacted copies of the personnel files of Maureen Williams-James, Darryl Turner, Dan

---

[2] Plaintiff has asked the Clerk of the Court to re-issue summonses for the four unserved District employees so that he can try to serve these defendants at work. On December 24, 2003, plaintiff's counsel was contacted by the Clerk's Office and told that summonses would not be re-issued because there are currently returns of service on file for Maureen Williams-James, Darryl Turner, Dan Craddock, and Judith Abunaw. However, as noted in plaintiff's motion, defendant's counsel has argued that this service was improper because the individual defendants were not personally served. Plaintiff's counsel has been unable to speak to a supervisor in the Clerk's Office to explain the need for the re-issued summonses. Plaintiff's counsel will attempt to serve these defendants at work as soon as summonses are re-issued.

[3] Defendant's counsel consents to the inclusion of Ms. Abunaw, and even included her in the District's proposed order, filed December 22, 2003.

4

Craddock, Sophia Mickens, and Judith Abunaw.

Dated:  December 30, 2003
        Washington, DC.

                                        Respectfully submitted,


                                        /s/
                                        _____
                                        DREW HARKER (bar no. 412527)
                                        COURTNEY INGRAFFIA (bar no. 456634)
                                        SARA PALMER (bar no. 477001)
                                        KATHERINE HENDLER (bar no. 481848)

                                        ARNOLD & PORTER
                                        555 12th Street, N.W.
                                        Washington, D.C. 20004
                                        (202)942-5000 (phone)
                                        (202)942-5999 (fax)

                                        **ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I, Katherine R. Hendler, hereby certify that on December 30, 2003, a true copy of

plaintiff's reply in support of plaintiff's motion to compel compliance with subpoena was

served by first class mail, postage prepaid, as follows:

Nadine Chandler Wilburn, Esq.
Assistant Deputy Corporation Counsel, D.C.
441 4th Street, N.W. 6N98
Washington, D.C. 20001
(202) 442-9840
(202) 727-3625 (fax)

William John Hickey, Esq.
Godwin & Hickey, L.L.C.
33 Wood Lane
Rockville, MD 20850
(301) 424-6300
(301) 294-4568 (fax)

Thomas S. Schaufelberger, Esq.
Wright, Robinson, Osthimer & Tatum
5335 Wisconsin Avenue NW, Suite 920
Washington, DC 20015-3030
(202) 895-7209
(202) 244-5135 (fax)

_____/s/_____
Katherine R. Hendler