UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, a Minor,<br>THROUGH NEXT FRIEND,<br>BOB DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>THE DISTRICT OF COLUMBIA *et al.*,<br><br>    Defendants. | Civil Action No.  03-1789 (GK/JMF) |

**MEMORANDUM ORDER**

This case was referred to me by Judge Kessler to resolve all discovery disputes. Currently pending and ready for resolution is Plaintiff's Motion to Compel Defendant District of Columbia to Produce Documents ("Pl.'s Mot.") [#124]. For the reasons stated herein, it is, hereby, **ORDERED** that the motion is **GRANTED IN PART and DENIED IN PART**.

**I.  FACTUAL BACKGROUND**

Plaintiff John Doe, a minor child, alleges, through his next friend Bob Doe, that he was physically and sexually abused while in the care and control of the District of Columbia, in violation of defendant's duties under the United States Constitution, federal law, and District of Columbia law. In particular, plaintiff brings claims of negligence and of civil rights violations under the Fifth Amendment and 42 U.S.C. § 1983. The incidents of abuse centrally at issue in this case allegedly involved three other minors and occurred in April 2002 while plaintiff resided at a group home called Columbia House II ("CH II"), operated by Associates for Renewal in

1

Education, Inc. ("ARE"), a private, not-for-profit foster care contractor for the District of Columbia's Child and Family Services Agency ("CFSA").

On March 23, 2004, plaintiff served defendant District of Columbia with a Request for Production of Documents pursuant to Federal Rules of Civil Procedure ("Rules") 26 and 34.  On May 13, 2004, defendant produced documents and interposed objections to several of plaintiff's requests.  With one exception, defendant objected on the grounds that plaintiff's requests were "vague, overly broad, and not limited in time or scope."  Pl.'s Mot., Ex. B, at 2-4.  The remaining objection called plaintiff's request "vague and ambiguous."  Id., Ex. B,  at 2.

After plaintiff informed defendant of deficiencies in its first production, defendant produced additional documents on September 30, 2004 and supplemented this production on October 6, 2004.  Plaintiff once again informed defendant of deficiencies and, on November 19, 2004, informed defendant of his intent to file a motion to compel production.  Defendant's counsel acknowledged the deficiencies and stated that she was waiting for more documents to arrive from the CFSA.  Defendant failed to produce additional documents by the time this motion was filed on December 1, 2004.

Following plaintiff's filing of the instant motion, on December 27, 2004, defendant filed Defendant's Response and Opposition to Plaintiff's Motion to Compel Discovery ("Def.'s Opp'n"), in which defendant asserted additional objections to certain requests.  On that date, defendant also produced additional documents.  Still, in his January 10, 2005 reply, plaintiff claimed that both defendant's production and its objections remained inadequate.  Finally, in an April 14, 2005 supplemental memorandum, defendant asked that plaintiff's motion to compel discovery with respect to Request Number 6 be denied on grounds that it sought documents

outside the scope of the initial request.

## II.     DISCUSSION

Plaintiff filed this motion to compel the District of Columbia to produce documents pursuant to Rules 37(a)(1), 37(a)(2), and 45(c)(2)(B).  In so doing, plaintiff certified that he made a good faith attempt to confer with defendant to secure the documents in question, thereby complying with Rule 37(a).

### A.     Legal Standards

Generally, a party is entitled to discover information if the information sought appears "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Additionally, a party may discover only that information that is not privileged and "is relevant to the claim or defense of any party."  Id.; Krieger v. Fadely, 199 F.R.D. 10, 13 (D.D.C. 2001).  Relevance for discovery purposes is broadly and liberally construed.  See, e.g., Burlington Ins. Co. v. Okie Dokie, Inc., 368 F. Supp. 2d 83, 86 (D.D.C. 2005) (citing Food Lion, Inc. v. United Food & Comm'l Workers Int'l Union, 103 F.3d 1007, 1012 (D.C. Cir. 1997); Smith v. Schlesinger, 513 F.2d 462, 473 n. 37 (D.C. Cir. 1975) (citations omitted)).  When objecting to document requests, the objecting party must establish his or her basis for refusing to respond to the other's requests, and it bears the burden of showing why discovery should not be allowed.  See Alexander v. FBI, 194 F.R.D. 299, 302 (D.D.C. 2000) (citations omitted).

To support his negligence claim, plaintiff must show that: (1) defendant had a duty to plaintiff while he was in its care; (2) defendant breached this duty; and (3) the breach proximately caused damage to plaintiff's interests.  See Turner v. District of Columbia, 532 A.2d 662, 666 (D.C. 1987).  To support his section 1983 claim, plaintiff must show that a person

acting under color of state law subjected him or caused him to be subjected to a deprivation of a right under the Constitution. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 829 (1985). Plaintiff must also show that defendant had a policy or practice that led to the deprivation of plaintiff's civil rights. See Carter v. District of Columbia, 795 F.2d 116, 122 (D.C. Cir. 1986). Therefore, plaintiff is entitled to any documents that would support such claims, as long as those documents are not privileged or otherwise excepted from Rule 26(b)(1). Plaintiff is also entitled to documents relating to his own case history, again, so long as those documents are not privileged or otherwise excepted from Rule 26(b)(1). As in many discovery disputes, I shall seek to strike a balance between unduly restrictive and overbroad production.

  **B.**  **Substance of Plaintiff's Motion**

In his motion to compel, plaintiff asserts that defendant District of Columbia has failed to comply with seven separate requests for production and that its objections are insufficient. He has also limited his requests for production to the time frame beginning five years before the alleged April 2002 incident. In response, defendant asserts that it has in good faith complied with plaintiff's document requests. I address the document requests at issue in turn.

   *1.*  *Document Request Number 2*

Document Request Number 2 asks defendant to produce "any records relating to [p]laintiff, including, if any, [p]laintiff's disciplinary file, and incident reports involving [p]laintiff." Id., Ex. A, at 3. In the instant motion, plaintiff asserts that defendant failed to comply with this request by failing to produce, *inter alia*, police investigation reports and family case plans relating to plaintiff's care. Id. at 4. When it filed its opposition, defendant supplemented its response and produced family case plans and other reports. Despite the

4

production of these documents, plaintiff insists that defendant has failed to comply with his request by failing to produce police reports relating to plaintiff while he was in defendant's care. <u>Plaintiff's Reply Memorandum in Support of Its Motion to Compel Defendant District of Columbia to Produce Documents</u> ("Pl.'s Reply") at 2.

Plaintiff's initial request does not explicitly ask for police reports from defendant, but such reports plainly fall under the language of the request for records relating to plaintiff while he was in defendant's custody. Rule 34(b) allows for the request to be made by category. Fed. R. Civ. P. 34(b). Plaintiff's request is relevant to his claims in that police reports regarding plaintiff's alleged abuse may help establish a breach of duty or violation of civil rights in plaintiff's particular case. Accordingly, defendant shall produce all police reports, from April 1997 until the present, regarding plaintiff while in defendant's custody and any other documents responsive to this request.

*2.     Document Requests 2 & 3 and the Subpoena*

Document Request Number 3 asks defendant to produce

> all documents relating to any incident or altercation that occurred at Columbia House II involving [p]laintiff, including: any incident reports, any documents relating to the investigation of the April 2002 sexual abuse incidents, and any documents pertaining to any disciplinary action taken as a result of the April 2002 sexual abuse incidents.

Pl.'s Mot., Ex. A, at 3. In the instant motion, plaintiff asserts that defendant failed to comply with this request and Request Number 2 by failing to produce reports and other documents in the possession of police investigator Detective Henry Gerald. <u>Id.</u> at 7. After defendant failed to comply with the request, plaintiff served the D.C. Metropolitan Police Department (the "MPD")

with a subpoena, pursuant to Rule 45(a)(1), on October 12, 2004. Defendant claims that the subpoena was an attempt by plaintiff to circumvent the discovery process and that defendant did not have proper notice of the subpoena. Def.'s Opp'n at 4. But, as plaintiff states in his reply, the appropriateness of his document request does not depend on the validity of the subpoena. Pl.'s Reply at 2. In addition, defendant does not argue that the documents requested are duplicative of those produced as a result of the subpoena. Indeed, the parties have led this court to believe that plaintiff has received no documents in response to his subpoena of Detective Gerald.[1]

Although Detective Gerald and the MPD are not named parties in this litigation, they may be considered agents or representatives of the defendant District of Columbia. If this court were to consider Detective Gerald and the MPD non-parties, a subpoena would clearly be necessary and appropriate. Plaintiff was rightfully uncertain as to how this court would treat the questions of subpoena service on parties and party status. Therefore, plaintiff's serving the subpoena ensured he was entitled to the requested documents under either Rule 34 or Rule 45.

But the validity of the subpoena is not before this court. The above discussion underscores the point that the subpoena has no bearing on plaintiff's document request to defendant, through its representative and subdivision, the MPD. Plaintiff has a right to the

---

[1] District courts are split on whether a Rule 45 subpoena may properly be served on a party to a dispute. Mortgage Info. Servs., Inc. v. Kitchens, 210 F.R.D. 562, 564 (W.D.N.C. 2002) (relying on Hasbro, Inc. v. Serafino, 168 F.R.D. 99, 100 (D. Mass. 1996) and Alper v. United States, 190 F.R.D. 281, 283 (D. Mass. 2000) for the proposition that Rule 45 subpoenas are applicable only to non-parties and Badman v. Stark, 139 F.R.D. 601, 603 (M.D. Pa. 1991), Continental Coatings Corp. v. Metco, Inc., 50 F.R.D. 382, 384 (N.D. Ill. 1970), and First City, Texas-Houston, N.A. v. Rafidain Bank, 197 F.R.D. 250, 255 n.5 (S.D.N.Y. 2000), aff'd, 281 F.3d 48 (2d Cir. 2002) for the proposition that such subpoenas are applicable to both parties and non-parties alike). The D.C. Circuit has set no rule on this issue.

documents in question, whether by discovery or a validly served subpoena, and what is, at worst, a redundant subpoena does not affect that right. Accordingly, defendant shall produce all police reports and any other documents responsive to this request.

        3.      *Document Requests 3 & 4*

Document Request Number 4 asks defendant to produce "any documents (such as Disciplinary Reports) identifying, discussing or otherwise relating to altercations or incidents of abuse occurring at Columbia House II, or other foster care facilities, between residents or between residents and employees." Pl.'s Mot., Ex. A, at 3. In the instant motion, plaintiff asserts that defendant failed to comply with this request and Request Number 3 by failing to produce records of care for the three other minor children involved in the alleged April 2002 incident at CH II and documents relating to other episodes of abuse at CH II and other foster care facilities. Id. at 4-6. Defendant opposes these requests on the grounds that information regarding the minors involved in such incidents is protected from disclosure by statute, citing the confidentiality protections of D.C. Code § 4-1405(c). Def.'s Opp'n at 2-3. In addition, supported by affidavit, defendant asserts that producing all documents relating to episodes of abuse throughout the foster care system would be overly burdensome. Id. at 3.

Plaintiff's requests are relevant to his claims in that they may help establish: (1) a breach of duty or violation of civil rights in plaintiff's particular case, or (2) a pattern of such violations by defendant. In addition, I find that defendant's assertion of privilege fails. Even though the language of section 4-1405(c) protects records from "inspection" and "judicial subpoena in collateral proceedings," it offers an exception "[f]or the purpose of research if adequate safeguards are taken against the disclosure or publication in any manner of the identity of any

person contained in such records." D.C. Code § 4-1405(c)(2).

Although there is a dearth of legislative and judicial interpretation of this statute, or others like it, I find the statute does not bar plaintiff's request. The plain language does prohibit confidential records from being disclosed by subpoena, but it does not prohibit their being disclosed through standard discovery procedures. In addition, plaintiff's request can reasonably be construed to fall under the "research" exception because he seeks the information to support his section 1983 claim and will keep the information confidential as required by the protective order entered on September 10, 2004.

In a similar case, Seales v. Macomb County, 226 F.R.D. 572 (E.D. Mich. 2005), the court held that a state statute creating a duty of confidentiality as to juvenile records did not create a federal evidentiary privilege. In Seales, a former resident of a county-operated juvenile residential facility, who brought a section 1983 claim against the county for alleged assault, moved to compel pretrial disclosure of information pertaining to other residents of the residential facility. Id. at 574. The court held that statutory provisions providing for duties of confidentiality but not expressly creating an evidentiary privilege do not imply the creation of such privileges binding on courts. Id. at 576 (quoting Martin v. Lamb, 122 F.R.D. 143, 146 (W.D.N.Y. 1988)). Accordingly, the court granted plaintiff's motion but limited it to reports and other memoranda in which the names of minors had been redacted. Id. at 577.

Likewise, the duty of confidentiality does not rise to the level of privilege in the instant case, in which the statute has not created an express evidentiary privilege as to standard discovery. The interests in promoting liberal discovery and fundamental fairness outweigh the slight interest in preventing the continued production of documents, especially because such

documents will be shielded by the protective order.

Defendant further asserts that it need not comply with Document Request Number 4 because it is overly burdensome, submitting a supporting affidavit from Dr. Sharlynn E. Bobo, Deputy Director for Licensing and Monitoring the CFSA.  But the information plaintiff has requested regarding other incidents of abuse in the CFSA system is important to his section 1983 claim, and he asserts that the information ought to be readily available to defendant given media scrutiny, other litigation, and required judicial monitoring.[2]  In the court's view, producing the raft of documents plaintiff initially requested would, no doubt, cost defendant a great deal, diverting resources from its vital task of ensuring the well-being of the children in defendant's care.  Because plaintiff has limited his request to the relevant period of April 1997 to the present, he has reasonably reduced the burden on defendant.

It should be noted that plaintiff also asserts that defendant's new objections interposed in its opposition to the instant motion ought not be allowed for timing reasons.  Defendant did not initially object to Request Number 3 and made only its boilerplate objection to Request Number 4.  Because it failed to make the objections as timely responses to plaintiff's document requests, plaintiff suggests defendant waived them.  See, e.g., Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540, 542 (10th Cir. 1984); Mackey v. IBP, Inc., 167 F.R.D. 186, 206 (D. Kan. 1996).  But elsewhere in his motion, plaintiff rightly points out that flexibility is needed in applying the technical rules of evidence when the welfare of children is involved.  Pl.'s Reply at 4 (citing In re N.H., 569 A.2d 1179, 1184 (D.C. 1990)).  Although the general rule, under Rule 34(b), is that

---

[2] This requirement comes out of LaShawn v. Williams, CA No. 89-1754 (D.D.C. 2000), which involved a class action suit against the District of Columbia brought on behalf of children in its foster care system.

failure to state a timely objection to a discovery request constitutes a waiver of that objection, upon a finding of good cause, a court may allow such an additional objection to stand. See, e.g., Blumenthal v. Drudge, 186 F.R.D. 236, 240 (D.D.C. 1999). I find such good cause in the need to protect individual privacy interests, particularly when juveniles are involved. In addition, the issue of waiver is moot because I will not uphold defendant's claim of privilege on this issue. While I appreciate defendant's arguments and have considered them carefully, I find them unavailing, especially because production is subject to a protective order and because plaintiff has limited the temporal scope of his requests. In addition, the relevance of the documents to plaintiff's claims outweighs the burden on defendant.

Therefore, plaintiff's Document Requests 3 and 4, as limited above, are appropriate. Accordingly, defendant shall produce all responsive reports and CFSA records plaintiff has requested, limited to the relevant time frame and subject to the same safeguards of the protective order that has governed defendant's disclosures to date.

4. *Document Request Number 6*

Document Request Number 6 asks defendant to produce "all documents relating to rules, regulations and other policies governing Columbia House II and/or foster care generally, including all documents and other materials that discuss the policies and procedures relevant to the placement of foster care children." Pl.'s Mot., Ex. A, at 4. In the instant motion, plaintiff asserts that defendant failed to comply with this request by failing to produce CFSA and CH II rules, regulations, and policies in effect while plaintiff was in defendant's care. Id. at 3-4. Even after defendant's production that accompanied its opposition, in which it produced additional documents pertaining to CFSA policies, plaintiff asserts that defendant has failed to comply with

10

his request in not producing, *inter alia*, CH II training manuals. Pl.'s Reply at 6.

Defendant claims plaintiff requests for the first time in the instant motion CH II and CFSA training manuals and that the motion should therefore be denied. Indeed, plaintiff's Document Request Number 6 does not explicitly ask for training manuals from defendant, but such reports plainly fall under the language of the request for documents governing CH II and CFSA. Rule 34(b) allows for the request to be made by category. Fed. R. Civ. P. 34(b). Plaintiff's request is relevant to his claims in that such manuals may help establish what duties CH II and its employees had as well as what policies or practices it employed that may have led to the deprivation of plaintiff's civil rights.

Defendant's objection that the request is vague and ambiguous is insufficient to show why it cannot comply with the request. Accordingly, defendant shall produce all CH II and CFSA training manuals and any other documents responsive to this request in use during the relevant time period of April 1997 until the present.

     5.    *Document Requests 7 & 8*

Document Request Number 7 asks defendant to produce "any grievance logs or other records detailing incidents, grievances or other complaints concerning Columbia House II, including a copy of any such complaint filed with a court." Pl.'s Mot., Ex. A, at 4. Document Request Number 8 asks defendant to produce "any court order or report of judicial monitoring over the District of Columbia foster care system, or Columbia House II." Id., Ex. A, at 4. In the instant motion, plaintiff asserts that defendant failed to comply with these requests by failing to produce a grievance log for CH II and any reports of judicial monitoring required under LaShawn. Id. at 6. Defendant asserts in its opposition that it has produced all relevant

11

documents in its possession and assures plaintiff it will continue to supplement if it locates additional documents. Def.'s Opp. at 4. Plaintiff is unsatisfied with defendant's assurances, suspecting that, given what he deems well-documented incidents of abuse in the D.C. foster care system and LaShawn requirements, defendant is withholding relevant documents. Still, I must take defendant's counsel, an officer of the court, at her word that defendant has made and will make every effort to satisfy plaintiff's request broadly construed.

I will, however, remind defendant's counsel that she is obliged to produce all relevant documents, dated from April 1997 until the present, not only in defendant's possession but also in its custody and control. See Alexander, 194 F.R.D. at 301-02. Accordingly, I order defendant to supplement its discovery response with any additional documents, if not in its possession, in its custody or control. If defendant has no additional documents relevant to the request in its possession, custody, and control, then defendant shall, within ten days of this Order, supplement its response to the instant motion with a statement indicating it has produced all relevant documents in its possession, custody, and control.

      6.     *Document Request Number 10*

Document Request Number 10 asks defendant for "all internal reports, memoranda, studies, or documents created by, or on behalf of, the District of Columbia in response to, or in preparation for, a General Accounting Office publication concerning the District of Columbia Child and Family Services Agency." Pl.'s Mot., Ex. A, at 4. Although defendant initially objected to the request, it supplemented its opposition to the instant motion with pertinent documents. Plaintiff took no issue with this supplemental production in its reply, so I deem him satisfied and the issue moot.

## III.     CONCLUSION

Upon consideration of the motion, the memoranda in opposition, reply, and supplement thereto, it is, hereby, **ORDERED** that the motion is **GRANTED IN PART and DENIED IN PART**.  Defendant shall provide discovery as set forth herein within ten days of the date of this Memorandum Order.


Dated:                                                                            _____
                                                                                            JOHN M. FACCIOLA
                                                                                            UNITED STATES MAGISTRATE JUDGE