UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE, a Minor,
THROUGH NEXT FRIEND,
BOB DOE,

    Plaintiff,

    v.

THE DISTRICT OF COLUMBIA *et al.*,

    Defendants.

Civil Action No.  03-1789 (GK/JMF)

**MEMORANDUM ORDER**

This case was referred to me by Judge Kessler to resolve all discovery disputes.  Two emergency motions have recently been filed with the court.[1]  Unfortunately, both motions reflect the parties' utter inability to cooperate with each other, even on the most basic matters.

In the first motion, the District of Columbia seeks permission to depose plaintiff's expert, Dr. Theodore Stein, for two additional hours when his deposition resumes on August 16, 2005.  Plaintiffs have apparently consented to an additional fifteen minutes of deposition time.  Under Federal Rule of Civil Procedure 30(d)(2), "[t]he court must allow additional time [beyond seven hours] consistent with Rule 26(b)(2) if needed for fair examination of the deponent. . . ." Fed. R. Civ. P. 30(d)(2).  I find that the additional deposition time is not unreasonably cumulative or duplicative and the burden of an additional two hours of deposition time does not outweigh its likely benefit. See Fed. R. Civ. P. 26(b)(2).  In addition, defense counsel has represented to the

---

[1] The first motion was filed yesterday, and the second motion was filed today.  I will not await oppositions to either motion because the subjects of the motions will take place as early as Monday and Tuesday of next week.

court that, until the first deposition was taken, defendant was unaware that many of Dr. Stein's opinions were based on a 71-page statute. Defense counsel has now had the opportunity to review that statute and seeks the opportunity to explore Dr. Stein's opinions that are based upon it. I find that allowing the additional time for inquiry into this matter–and other matters–is just. Accordingly, <u>Defendant District of Columbia's Emergency Motion for Additional Time to Depose Plaintiff's Expert</u> is **GRANTED.**

As for plaintiff's emergency motion, I find that there is good cause to require the upcoming medical examination to be videotaped. Plaintiff is a ten-year-old boy who has allegedly experienced sexual abuse. The videotape will help protect John Doe by ensuring that the examination is performed tactfully and properly, and it will serve as an accurate record of the examination. Indeed, other examinations in this very case have been videotaped, and I find that it is an appropriate way to proceed. Accordingly, <u>Plaintiff's Emergency Motion to Require Videotaping of Upcoming Medical Examination</u> [#220] is **GRANTED.**

Finally, in the event of any further discovery disputes, the parties are hereby **ORDERED** to genuinely attempt to resolve their disagreements before filing any motions with the court, especially when they concern such simple issues as those raised in the afore-mentioned "emergency" motions. If the parties cannot resolve their differences, they shall contact chambers jointly before filing any motions.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: