# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN DOE, a Minor,
THROUGH NEXT FRIEND,
BOB DOE,

      Plaintiff,

      v.

THE DISTRICT OF COLUMBIA *et al.*,

      Defendants.

Civil Action No.  03-1789 (GK/JMF)

## MEMORANDUM OPINION

This case was referred to me by Judge Kessler to resolve all discovery disputes.

Currently pending and ready for resolution are two discovery motions.  For the reasons stated

herein, The District of Columbia's Motion to Compel Discovery ("Def.'s Mot.") [#187] is

granted in part and denied in part, and District of Columbia's Supplement to Its Motion to

Compel ("Def.'s Supp.") [#214] is denied.

## I.      FACTUAL BACKGROUND

Plaintiff John Doe, a minor child, alleges, through his next friend Bob Doe, that he was

physically and sexually abused while in the care and control of the District of Columbia, in

violation of defendant's duties under the United States Constitution, federal law, and District of

Columbia law.  In particular, plaintiff brings claims of negligence and of civil rights violations

under the Fifth Amendment and 42 U.S.C. § 1983.  The incidents of abuse centrally at issue in

this case allegedly involved three other minors and occurred in April 2002, while plaintiff resided

at a group home called Columbia House II ("CH II"), operated by Associates for Renewal in

Education, Inc. ("ARE"), a not-for-profit foster care contractor for the District of Columbia's

Child and Family Services Agency ("CFSA").  ARE provides residential foster care services to

minors who are wards of the District of Columbia, often when those minors are involved in

abuse and neglect proceedings or otherwise subject to the juvenile justice system.

On April 23, 2004, defendant served plaintiff with interrogatories and requests for

production of documents pursuant to Federal Rules of Civil Procedure ("Rules") 33 and 34.

Def.'s Mot. at 1.  Plaintiff provided his responses and objections to defendant's requests on May

26, 2004.  Id.  After the court entered its September 10, 2004 protective order, plaintiff produced

documents to defendant on September 23, 2004.  Plaintiff's Memorandum of Points and

Authorities in Opposition to Defendant District of Columbia's Motion to Compel Discovery and

in Support of Plaintiff's Request for Fees and Costs ("Pl.'s Opp'n") at 2.  Defendant asserts that

such production did not satisfy its requests.  Def.'s Mot. at 1.

During the October 8, 2004 deposition of John Doe, defendant informed plaintiff that it

believed he had not completely responded to discovery.  Id., Ex. B, at 5. Plaintiff made no further

production.  Id. at 6.  Again, during the deposition of Bob Doe on May 19, 2005, defendant

requested documents that plaintiff had failed to produce in response to its discovery requests.

Defendant District of Columbia's Reply to Plaintiff's Opposition to Its Motion to Compel

Discovery ("Def.'s Reply"), Ex. 1A.  Finally, on Friday, May 27, 2005 at 3:20 p.m., defendant's

counsel wrote to plaintiff's counsel requesting that plaintiff comply with its discovery requests

before June 1, 2005, the date set for the close of discovery.  Pl.'s Opp'n at 2; Def.'s Mot. at 7.

On May 31, 2005, the first workday following defendant's May 27 correspondence, plaintiff's

counsel informed defendant's counsel that the request was unreasonable and that plaintiff would

need additional time to respond.  Pl.'s Opp'n at 3.  Defendant filed the instant motion on June 1,

2005, and plaintiff supplemented his production of documents on June 7, 2005.  Id.  Despite this

additional production, defendant maintains that plaintiff has not properly responded to several of

its interrogatories and document requests and that the court should therefore compel plaintiff's

discovery.  Def.'s Reply at 1-3.

Plaintiff filed his response on June 13, 2005, contending that (1) defendant failed to meet

and confer in good faith before filing the motion, (2) defendant's demanded timetable was

unreasonable, and (3) his discovery responses were complete.  Pl.'s Opp'n at 3-7.  Plaintiff also

contends he is entitled to costs and fees associated with answering defendant's motion.  Id. at 8.

Defendant replied by asserting that plaintiff had failed to meet his discovery obligations by (1)

failing to supplement his discovery responses pursuant to Rule 26(e) and (2) failing to label

documents according to Rule 34.  Def.'s Reply at 1-3.  Defendant also asserted that it has

complied with the "good faith" requirement of LCvR 7(m) and Rule 37(a) and that plaintiff is not

entitled to costs and fees.  Id. at 3-4.

Finally, on July 28, 2005, defendant filed a supplemental motion to compel, in which

defendant complained of untimely receipt of responsive documents, the late receipt of which

prejudiced its ability to depose plaintiff's expert.  As a result, defendant seeks an order from this

court requiring plaintiff to formally produce any other documents responsive to its discovery

requests.  Def.'s Supp. at 2-4.  Defendant also seeks leave to depose Dr. Haller, a consulting

expert retained by plaintiff who will not testify at trial but whose interviews and notes were relied

upon by Dr. Dvoskin, plaintiff's expert witness who will testify at trial.

## II.    DISCUSSION

Defendant filed this motion to compel plaintiff to answer interrogatories and produce documents pursuant to Rules 37(a)(2) and 37(a)(3).  In filing this motion, defendant is required to certify that it has, in good faith, attempted to resolve the discovery dispute without seeking court intervention.  <u>See</u> Fed. R. Civ. P. 37(a)(2)(B).  Plaintiff asserts that, given its demand for discovery on the eve of a holiday weekend so close to the discovery deadline, it failed to confer with him in good faith before filing the instant motion.  Pl.'s Opp'n at 2-5.  Although the timing of defendant's correspondence informing plaintiff of the insufficiency of his discovery was less than generous, the court must also consider the two prior instances in which defendant placed plaintiff on notice that it believed he had not completely responded to discovery.

Accordingly, I find defendant did attempt to confer with plaintiff to resolve this discovery dispute in good faith, in compliance with Rule 37(a)(2)(B).  In addition, I will treat defendant's statement that "[it] has satisfied its obligation to attempt to resolve this dispute in good faith by its reminder to plaintiff on October 8, 2004, and by its May 27, 2005, letter to plaintiff" as a certification of compliance with the Rule, as required by LCvR 7(m) and Rule 37(a).  Def.'s Mot. at 7.  Therefore, I will not dismiss defendant's motion on formalistic, procedural grounds but will proceed to its substance.

### A.    Legal Standards

Rule 26 entitles a party to discover information if the information sought appears "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Additionally, a party may discover only information that is not privileged and "is relevant to the claim or defense of any party."  <u>Id.</u>; <u>Krieger v. Fadely</u>, 199 F.R.D. 10, 13 (D.D.C. 2001).  Relevance for discovery purposes is broadly construed.  <u>See, e.g.</u>, <u>Burlington Ins. Co. v. Okie</u>

Dokie, Inc., 368 F. Supp. 2d 83, 86 (D.D.C. 2005) (citing Food Lion, Inc. v. United Food & Comm'l Workers Int'l Union, 103 F.3d 1007, 1012 (D.C. Cir. 1997); Smith v. Schlesinger, 513 F.2d 462, 473 n. 37 (D.C. Cir. 1975)).  Once a party has established relevance, if the other party wishes to object to discovery, the objecting party bears the burden of showing why discovery should not be allowed.  See Alexander v. FBI, 194 F.R.D. 299, 302 (D.D.C. 2000) (citations omitted).

To support his negligence claim, plaintiff must show that defendant had a duty to plaintiff while he was in its care, that defendant breached this duty, and that breach proximately caused damage to plaintiff's interests.  See Turner v. District of Columbia, 532 A.2d 662, 666 (D.C. 1987).  To support his section 1983 claim, plaintiff must show that a person acting under color of state law subjected him or caused him to be subjected to a deprivation of a right under the Constitution.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 829 (1985).  Plaintiff must also show that defendant had a policy or practice that led to the deprivation of plaintiff's civil rights. See Carter v. District of Columbia, 795 F.2d 116, 122 (D.C. Cir. 1986).  Therefore, defendant is entitled to any information that would support such claims by plaintiff or enable it to defend against such claims, as long as that information is not privileged or otherwise excepted from Rule 26(b)(1).

Under Rule 26(e)(2), parties are obliged to supplement their discovery responses if they learn their prior responses are incomplete.  Fed. R. Civ. P. 26(e)(2).  In addition, Rule 37(a)(3) provides that "an evasive or incomplete answer is to be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(3).  Rule 37(a)(2)(B) allows a party whose discovery requests have gone unanswered to move to compel an answer.  Fed. R. Civ. P. 37(a)(2)(B).

**B.      Defendant's Document Requests**

Defendant asserts in his motion that plaintiff "failed to formally respond to" its document requests.  Def.'s Mot. at 2.  In particular, defendant has pointed to plaintiff's failure to provide "updated medical records."  Pl.'s Opp'n, Ex. A.  Even after plaintiff's June 7, 2005 and July 27, 2005 supplements to his original September 23, 2004 production, defendant insists that plaintiff's responses to its document requests are incomplete.  Def.'s Reply at 2; Def.'s Supp. at 4.  Plaintiff counters that he has provided all responsive, non-privileged documents of which he is aware.  Pl.'s Opp'n at 5.  But, at the very least, plaintiff has yet to provide defendant with a privilege log detailing documents that are responsive.  Def.'s Reply at 4.  The following table outlines defendant's document requests and plaintiff's responses.[1]

---

[1] Def.'s Mot., Ex. A, at 15-21.

| D.R. # | Defendant's Document Request | Plaintiff's Response |
|---|---|---|
| **1** | "All documents referred to or relied on by you in the preparation of your answers to the interrogatories propounded to you herewith." | "Plaintiff objects to this Request to the extent it seeks information protected by the attorney-client privilege and work-product immunity. Counsel for all parties are in the process of negotiating the terms of an agreed-upon protective order. Subject to the foregoing objections, plaintiff will produce those non-privileged documents in his possession that are responsive to this Request after entry of a protective order by the Court." |
| **2** | "Completed/signed authorization forms for all medical and hospital records. (Authorization form is attached hereto.)" | "No authorization form was attached to the Requests." |
| **3** | "Any and all written reports verifying any allegations of permanency of your injuries." | "Plaintiff objects to this Request to the extent that it is vague, overly broad, and not limited in time or scope. Counsel for all parties are in the process of negotiating the terms of an agreed-upon protective order. Subject to the foregoing objections, plaintiff will produce those non-privileged documents in his possession that are responsive to this request after entry of a protective order by the Court." |
| **4** | "Any and all written reports of treating physicians or other medical personnel regarding the nature of your injuries, treatment and prognosis." | "Plaintiff objects to this request to the extent that it is vague, overly broad, not limited in time or scope, and requests information and documents not in plaintiff's possession or control. Counsel for all parties are in the process of negotiating the terms of an agreed-upon protective order. Subject to the foregoing objections, plaintiff will produce those non-privileged documents in his possession that are responsive to this request after entry of a protective order by the Court." |

| 5 | "Any and all receipts of, invoices for or statements regarding any monies paid or owed as a result of the treatment afforded you at any clinic or hospital for any of the injuries you alleged you received as a result of the occurrence identified in the complaint." | "Plaintiff objects to this request to the extent that it is vague, overly broad, and requests information and documents not in plaintiff's possession or control. Counsel for all parties are in the process of negotiating the terms of an agreed-upon protective order.  Subject to the foregoing objections, plaintiff will produce those non-privileged documents in his possession that are responsive to this request after entry of a protective order by the Court." |
| --- | --- | --- |
| 6 | "Any and all receipts of, invoices for or statements for expenses which you claim to have incurred as a result of the occurrence identified in the complaint." | "Plaintiff objects to this request to the extent that it is vague and overly broad. Counsel for all parties are in the process of negotiating the terms of an agreed-upon protective order.  Subject to the foregoing objections, plaintiff will produce those non-privileged documents in his possession that are responsive to this request after entry of a protective order by the Court.  Plaintiff will supplement this response and production with additional responsive documents when they become available." |
| 7 | "Any and all reports and curriculum vitae of any expert witness which you expect to call at trial." | "Plaintiff will answer this request in accordance with the time limits and schedule applicable under the Court's scheduling order regarding expert testimony and rule 26(a)(2) of the Federal Rules of Civil Procedure." |

| 8 | "Any and all written statements or recordings relating to the occurrence." | "Plaintiff objects to this request to the extent that it is vague and overly broad with respect to the term "occurrence". Plaintiff also objects to this request to the extent that it seeks information and documents protected by the attorney-client privilege and work-product immunity.  Counsel for all parties are in the process of negotiating the terms of an agreed-upon protective order.  Subject to the foregoing objections, plaintiff will produce those non-privileged documents in his possession that are responsive to this request after entry of a protective order by the Court." |
| 9 | "Any and all police reports relating to the occurrence." | "Plaintiff objects to this request to the extent that it is vague and overly broad with respect to the term "occurrence". Counsel for all parties are in the process of negotiating the terms of an agreed-upon protective order.  Subject to the foregoing objections, plaintiff will produce those non-privileged documents in his possession that are responsive to this request after entry of a protective order by the Court." |
| 10 | "Any and all notes, memoranda or other documents reflecting conversations with any individual (with the exception of any attorneys) concerning the incident complained of." | "Plaintiff objects to this request to the extent that it is vague, overly broad, and not limited in time or scope.  Plaintiff also object [*sic*] to this request to the extent that it seeks information and documents protected by the attorney-client privilege and work-produce [*sic*] immunity.  Counsel for all parties are in the process of negotiating the terms of an agreed-upon protective order.  Subject to the foregoing objections, plaintiff will produce those non-privileged documents in his possession that are responsive to this request after entry of a protective order by the Court." |

| 11 | "All prescriptions for medication and or devices used to treat any conditions resulting from the occurrence identified in the complaint." | "Plaintiff objects to this request to the extent that it is vague and overly broad with respect to the term occurrence. Counsel for all parties are in the process of negotiating the terms of an agreed-upon protective order.  Subject to the foregoing objections, plaintiff will produce those non-privileged documents in his possession that are responsive to this request after entry of a protective order by the Court." |
| --- | --- | --- |
| 12 | "Any and all reports or other documents prepared by physicians, nurses, physical therapists or other medical personnel who have treated you within the 6 years preceding the date of the incidents complained of." | "Plaintiff objects to this request to the extent that it is vague, overly broad, not limited in scope, not reasonably calculated to lead to the discovery of admissible evidence, and calls for information not relevant to this litigation. Counsel for all parties are in the process of negotiating the terms of an agreed-upon protective order.  Subject to the foregoing objections, plaintiff will produce those non-privileged documents in his possession that are responsive to this request after entry of a protective order by the Court." |
| 13 | "All statements of witnesses to the occurrence that were obtained by you or your agents." | "Plaintiff objects to this request to the extent that it is vague, overly broad, not limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this request to the extent that it seeks information protected by the attorney-client privilege and work-product immunity.  Counsel for all parties are in the process of negotiating the terms of an agreed-upon protective order.  Subject to the foregoing objections, plaintiff will produce those non-privileged documents in his possession that are responsive to this request after entry of a protective order by the Court." |

| 14 | "All written statements of defendant, its agents, servants, and/or employees relating to the allegations of the complaint which are in plaintiff's possession, custody or control." | "Plaintiff objects to this request to the extent that is seeks information protected by the attorney-client privilege and work-product immunity. Counsel for all parties are in the process of negotiating the terms of an agreed-upon protective order. Subject to the foregoing objections, plaintiff will produce those non-privileged documents in his possession that are responsive to this request after entry of a protective order by the Court." |
|---|---|---|
| 15 | "Any notices sent pursuant to D.C. Code Section 12-309." | "Counsel for all parties are in the process of negotiating the terms of an agreed-upon protective order. Subject to the foregoing objections, plaintiff will produce those non-privileged documents in his possession that are responsive to this request after entry of a protective order by the Court." |
| 16 | "Any receipt card depicting that the District of Columbia received your 12-309 notice." | "Counsel for all parties are in the process of negotiating the terms of an agreed-upon protective order. Subject to the foregoing objections, plaintiff will produce those non-privileged documents in his possession that are responsive to this request after entry of a protective order by the Court." |
| 17 | "Any correspondence from the District in response to your 12-309 notice or correspondence received during the claims stage." | "Counsel for all parties are in the process of negotiating the terms of an agreed-upon protective order. Subject to the foregoing objections, plaintiff will produce those non-privileged documents in his possession that are responsive to this request after entry of a protective order by the Court." |

Whether defendant is entitled to an order compelling further production of documents depends on whether plaintiff's production to date has actually been deficient. Defendant is frustratingly vague and unclear in its pleadings on this matter, failing to point out particular holes

in plaintiff's production.  The only specificity defendant provides appears in its conversations
and correspondence with plaintiff's counsel regarding "updated medical records."  See, e.g.,
Def.'s Mot., Ex. B; Pl.'s Opp'n, Ex. A.   Nevertheless, I will resolve the issues presented by the
defendant's response in the interests of bringing this dispute to a prompt end.

        1.       *Has Defendant Established Relevance?*

In order for this court to compel discovery, the information sought must be relevant to the
claims or defenses of the parties.  See Krieger, 199 F.R.D. at 13.  Defendant's document requests
fall into three general categories: the facts of the alleged incidents of abuse, plaintiff's medical
condition, and litigation information (*e.g.,* documents supporting interrogatories, curriculae
vitarum of experts, and records of plaintiff's noticing defendant).  All of the document requests
seek relevant information.

        2.       *Has Plaintiff Shown Why Discovery Should Not Be Allowed?*

In addition to seven general objections, plaintiff asserts various privileges, specific
objections, or qualified responses to each of defendant's seventeen document requests.  See
Def.'s Mot., Ex. A, at 13-21.  First, plaintiff asserts the attorney-client and work-product
privileges with respect to Document Request Numbers 1, 8, 10, and 14.  But, asserting those
privileges does not exempt plaintiff from complying with the request in its entirety.  Indeed, he
must furnish defendant with all unprivileged, responsive documents.  As for documents for
which plaintiff claims the attorney-client or work-product privilege, he must submit a privilege
log itemizing these documents to defendant.  Fed. R. Civ. P. 26(b)(5); First Am. Corp. v. Al-
Nahyan, 2 F.Supp.2d 58, 63 n.5 (D.D.C. 1998).

Second, plaintiff objects to several of defendant's document requests, namely, Document

12

Request Numbers 5, 6, 8, 9, and 11, as being vague with respect to the word "occurrence." In his

general objections, plaintiff states that he "objects to each and every request that refers to an

'occurrence' or 'incident' as plaintiff has alleged multiple occasions where the defendants caused

him harm." Id., Ex. A, at 13. Although the letter of defendant's requests is somewhat imprecise,

the spirit is clear. I will interpret the word "occurrence" to mean any incident in which he claims

the defendants harmed him and for which he seeks damages or other redress. Plaintiff is

therefore obliged to answer the request for each such "occurrence."

Third, plaintiff objects to Document Request Numbers 3, 4, 10, and 12 as being vague,

overly broad, or not limited in time or scope. I do not find Numbers 3, 4, and 10 to be either

vague or overly broad. They speak specifically to the "occurrence" in question as I have now

defined that term. Number 12, which seeks medical reports for the 6 years prior to the incident is

overly broad. Three years will suffice.

Plaintiff further objects to Document Request Numbers 4 and 5, saying that it seeks

documents not in plaintiff's "possession or control." Obviously plaintiff is not obliged to

produce anything that is not in his possession, custody, or control, with respect to this or any

other document request. Fed. R. Civ. P. 34(a). As to medical records, I expect them to be

produced by plaintiff if he has a copy. Also, I consider medical records to be within plaintiff's

control and expect that he will authorize their release to defendant pursuant to Document Request

Number 2.

Plaintiff objects to Document Request Number 12 as seeking information that is not

relevant to the litigation but indicates that it will produce the non-privileged documents.

Assuming that plaintiff is still not claiming the irrelevance of these documents, I have already

found that reports as to the plaintiff's medical conditions in the period within three years of the incident are relevant and will therefore order plaintiff to produce such documents.

Next, in his original response, plaintiff did not produce documents in response to Document Request Number 2 because the authorization form contemplated by the request was not attached. If defendant still wishes to receive the information the document request seeks, it must furnish plaintiff with the authorization form. Plaintiff will sign it and return it forthwith.

Finally, plaintiff objects to Document Request 7, that it produce its experts' reports and *curriculae vitarum,* on the ground that Judge Kessler has issued a scheduling order that specifies the date for the production of these documents. The objection is well taken; plaintiff is not obliged to produce materials subject to the scheduling order before the dates specified in the scheduling order.[2]

In its reply, defendant complains that plaintiff failed to "label any documents provided with the categories set forth in the District's discovery requests," suggesting that such a failure constitutes a breach of the discovery rules. Def.'s Reply at 3. But, as defendant suggests in the preceding sentence, quoting Rule 34, "[a] party who produces documents for inspection shall produce them as they are kept in the usual course of business *or* shall organize and label them to correspond with the categories in the request." Fed. R. Civ. P. 34(b) (emphasis added). As long as plaintiff produced the documents "as they are kept in the usual course of business," he was in compliance with the discovery rules.

---

[2]On September 14, 2005, Judge Kessler stayed proceedings in this case for 30 days and scheduled a status conference for October 6, 2005. Judge Kessler further ordered that the stay does not apply to Doe's Independent Medical Examination ("IME"), setting a November 1, 2005 deadline for completion of Doe's IME and a December 1, 2005 deadline for defendant's expert witness designation.

### C.      Defendant's Interrogatories

Defendant asserts in his motion that plaintiff's answers to several interrogatories "were deficient and should be treated as a failure to disclose, answer, or respond in accordance with Rule 37(a)(3)."  Def.'s Mot. at 2.  The table below outlines the parties' positions on these interrogatories.

| Interrogatory[3] | Answer[4] | Def.'s Motion[5] | Pl.'s Response[6] |
|---|---|---|---|
| No. 4: "As a result of the incidents referred to in the complaint, set forth in detail the nature of the injuries alleged to have been sustained by you and the parts of the body affected." | "Plaintiff objects to this interrogatory to the extent that it requires plaintiff to form medical conclusions which he is not qualified to render.  Subject to, and without waiving, the foregoing objection, plaintiff has endured physical, emotional and mental pain, suffering and anguish." | Interrogatory seeks details regarding plaintiff's injuries, but plaintiff provides only a cursory response and should be compelled to provide details requested. | Plaintiff is exploring the nature of his injuries through expert discovery, and it would be premature, unnecessary, and impossible for him to supplement his responses at this time.  Plaintiff will provide Rule 26 expert disclosures. |

---

[3] Def.'s Mot., Ex. A, at 5-9.

[4] Id., Ex. A, at 5-9.

[5] Id. at 2-6.

[6] Pl.'s Opp'n at 6-7.

| No. 5: "If you are claiming that any such injuries are permanent give complete details (e.g., the nature of said permanency and disability claimed to result therefrom . . .  and, the name, address and telephone number of the person or persons you intend to rely upon to support the allegation of permanency)." | "Plaintiff objects to this interrogatory to the extent that it requires plaintiff to form medical conclusions which he is not qualified to render. Plaintiff further objects to this interrogatory to the extent it calls for premature FRCP 26 disclosures and expert conclusions.  Subject to, and without waiving, the foregoing objections, plaintiff reasonably believes that some or all of the physical, emotional and mental anguish suffered is permanent in nature." | Interrogatory seeks details of plaintiff's injuries, but plaintiff provides none (not details of the injuries, what activities prevented from performing as a result of the injuries, and the information of those persons on whom he intends to rely to support his permanency allegations). | [See Response to Interrogatory Number 4] |

| | | | |
|---|---|---|---|
| No. 6: "If you contend that you experienced emotional distress as a result of the occurrence described in the complaint, describe in detail the symptoms you have experienced, and for each such symptom state the date of onset, the date of abatement or disappearance of the symptom and all actions taken by you to treat the symptom and/or the emotional distress." | "Plaintiff objects to this interrogatory to the extent that it is vague as to which occurrence or occurrences it is referencing.  Plaintiff objects to this interrogatory to the extent that it require plaintiff to form medical conclusions which he is not qualified to render.  Plaintiff further objects to this interrogatory to the extent it calls for expert conclusions.  Subject to, and without waiving, the foregoing objections, plaintiff has endured emotional pain and suffering that occurred while in the care of the defendants and, specifically, surrounding his sexual abuse while residing at Columbia House II and the constant improper changes in placement.  That suffering has continued since those events and continues today, and is reflected by the fact that he is still being seen by therapists under the direction of the District of Columbia.  Please refer to plaintiff's medical records." | Defendant is entitled to know the symptoms, the date of onset of the symptoms, the date of abatement or disappearance of the symptoms and all actions taken by plaintiff to treat the symptoms and/or the emotional distress. Defendant should not have to sift through medical records to determine whether any symptoms plaintiff experienced resulted from the subject incident or some other cause. | [See Response to Interrogatory Number 4] |

17

| | | | |
|---|---|---|---|
| No. 8: "Please state the result and circumstances of your last complete physical examination prior to the incidents in question (e.g., the name, address and telephone number of each physician . . . who treated you; the date or dates said treatment was given and the location; and each medication taken)." | "Plaintiff objects to this interrogatory to the extent that it essentially calls for a document, which is better accomplished through a request for production. Subject to, and without waiving, the foregoing objections, plaintiff will produce such a document, if one exists, in response to defendant's request for documents." | Plaintiff failed to answer this request, objecting but not supporting his basis for not responding.  The information sought is not protected by any recognized privilege, and plaintiff should be compelled to provide a responsive answer to the interrogatory. | [See Response to Interrogatory Number 4] |
| No. 10: "If you contend that any employee or agent of the District of Columbia violated any statute, ordinance, regulation, guideline, standard of care, court order, law or rule announced in any court decision that is relevant to this case, please describe." | "At this early stage of discovery, plaintiff believes that the District of Columbia and its employees and agents violated statutes, ordinances, regulations, guidelines, standards of care, court orders, laws and rules announced in court decisions. Please refer to plaintiff's complaint.  See plaintiff's complaint at ¶¶ 24-86." | Plaintiff provided only a conclusory response and did not describe with any particularity the statutes, etc. related to his allegations violated by District employees. | Interrogatory seeks information regarding plaintiff's position as to the nature of defendant's wrongful conduct, which he is exploring though fact discovery.  Plaintiff's 30(b)(6) deposition of defendant will help provide answers to this interrogatory, and plaintiff will supplement his answer should circumstances warrant. |

| | | | |
|---|---|---|---|
| No. 11: "State all facts which support your allegation that the District of Columbia had a custom, policy or practice which caused the incidents alleged in the complaint." | "At this early stage of discovery, plaintiff believes that the District of Columbia's repeated failures to protect plaintiff, including its repeated failure to offer appropriate resources or services to prevent plaintiff's out of home placement, its repeated delay of plaintiff's ultimate placement with his father, and its repeated failure to supervise and monitor its employees, agents and subcontractors evince a custom, policy, or practice that caused the incidents alleged in the complaint. Plaintiff also believes that there are other such instances of the District of Columbia's failures to protect minors under its care.  Please also see plaintiff's complaint at ¶¶ 24-86, S. Chan, *More Boys Reportedly Abused at D.C. Facility*, July 30, 2002, Wash. Post at B01, and *LaShawn A. v. Williams, Monitor's Special Case Review/ A.B., A Child in the Custody of the District of Columbia Child and Family Services Agency (CFSA)*, Center for the Study of Social Policy Report, September 2002." | Plaintiff provided only a conclusory response and did not provide any factual evidence to support his theories as contemplated in the interrogatory. | [See Response to Interrogatory Number 10] |

| | | | |
|---|---|---|---|
| No. 12: "If you contend that the District of Columbia was placed on notice that Columbia House II or Associates for Renewal in Education's agents did not provide proper care or supervision to minors in its care before the incidents alleged in the complaint, please provide all facts which support your allegation." | "At this early stage of discovery, plaintiff believes that the District of Columbia was on notice that Columbia House II and Associates for Renewal in Education's agents did not provide care or supervision to minors in its care before the incidents alleged in the complaint due to its supervisory position over Columbia House II and Associates for Renewal in Education, and regulations requiring such entities to make reports to the District of Columbia. Additionally, plaintiff believes that on April 2, 2002, Defendant James A. Rice noticed the District of Columbia that plaintiff was improperly placed at Columbia House II. Plaintiff also believes that the District of Columbia should have known that other children were improperly placed at Columbia House II." | By failing to provide **all** facts to support the claim that the District of Columbia was on notice that Columbia House II and Associates for Renewal in Education's agents did not provide care or supervision to minors in its care before the incidents alleged, plaintiff failed to fully address the interrogatory. | [See Response to Interrogatory Number 10] |

The interrogatories in dispute fall into two basic categories: (1) those pertaining to plaintiff's medical condition and treatment and (2) those related to the facts and law surrounding the incidents of abuse alleged in this case.

    1. *Interrogatory Numbers 4, 5, 6, and 8*

   The dispute with respect to Interrogatory Numbers 4, 5, 6, and 8 turns on plaintiff's duty to supplement his responses with respect to his medical condition and treatment. Defendant asserts that it is entitled to such information and that plaintiff's responses thus far have been insufficient. Def.'s Reply at 1-3. Plaintiff contends that such information is better left to expert

discovery and would be provided if and when it becomes available through that method of discovery.  Pl.'s Opp'n at 6-7.

Defendant states that plaintiff "knew or should have known his answers were incomplete and required supplementation under Rule 26(e)."  Def.'s Reply at 2.  Plaintiff does not deny this, clearly stating that he knows his answers may need supplementation.  See Pl.'s Opp'n at 6 ("Plaintiff will supplement its [*sic*] responses to these interrogatories should that become warranted.").  Therefore, the issue is not whether those responses will be supplemented but how and when they should be supplemented.

As outlined above, because plaintiff's medical condition and treatment are at the center of this case, interrogatories seeking such information are relevant to the parties' claims and defenses.  Discovery on those topics is, therefore, appropriate.  But, given the nature of the information, which requires expert evaluation, plaintiff cannot be expected to supplement his responses until he has been properly evaluated by his medical expert.  Therefore, plaintiff must supplement his responses, in accordance  Rule 26(a)(2)(B), through his expert witness' report.  It appears from the supplemental pleadings that this has already been done, but if plaintiff has now or secures in the future any other responsive, discoverable information pertaining to this topic, he must produce it to defendant within 10 days of the expiration of the stay issued by Judge Kessler on September 14, 2005 or 10 days of discovering it, whichever is later.

With respect to Interrogatory Number 8, which requests information pertaining to plaintiff's last physical examination before the alleged events, defendant suggests that plaintiff failed "to provide *all* facts to support the claim."  Although plaintiff may be correct in suggesting that defendant essentially seeks a document, defendant is still entitled to a complete response to

his request.  Therefore, plaintiff must either answer the interrogatory directly or point defendant

to the document or documents that provide the information requested.

2.     *Interrogatory Numbers 10, 11, and 12*

The dispute with respect to Interrogatory Numbers 10, 11, and 12 turns on plaintiff's duty

to supplement his responses with respect to the facts and law surrounding the incidents of abuse

alleged in this case.  The issue once again is not whether those responses will be supplemented

but how and when they should be supplemented.

Again, as outlined above, because the facts and legal milieu surrounding the alleged

incidents of abuse are central to the case, the information sought is clearly relevant and plaintiff

may be compelled to respond to interrogatories related to those topics.  But, given the separate

stages of the discovery process, plaintiff cannot be expected to provide complete responses until

he has deposed defendant with respect to the relevant laws and facts of the events alleged or

implicated in this case.  Therefore, plaintiff shall supplement his responses within 10 days of the

expiration of the stay issued by Judge Kessler on September 14, 2005 or within 5 days after he

completes the 30(b)(6) deposition of defendant, whichever is later.   I expect plaintiff to specify

by proper citation the "statutes, ordinances, regulations, guidelines, standards of care, court

orders, laws and rules announced in court decisions" upon which he relies to impose liability on

the defendant.

With respect to Interrogatory Number 12, which requests all facts supporting plaintiff's

contention that defendant was aware of the failure to provide proper care and supervision prior to

the alleged incidents, defendant indicates that plaintiff failed "to provide *all* facts to support the

claim."  Def.'s Mot. at 5 (original emphasis).  It is not clear to the court how defendant knows

that plaintiff did not provide every single fact to support his claim.  Moreover, defendant is

protected from any unfair surprises as to this topic because plaintiff's proof will be limited to the

facts stated.  If plaintiff, either now or later, intends to rely on additional facts, it had better

supplement its answer.  I will not, however, compel any greater response at this time.

> **D.      Costs and Fees**

Plaintiff argues in his opposition that he should receive costs and fees associated with

responding to defendant's motion under 37(a)(4)(C).  Defendant counters that plaintiff's

untimely production necessitated its filing this motion, pointing to the additional documents

produced following its filing of this motion.  Whether plaintiff would have produced these

additional documents had defendant not filed this motion is not for this court to consider; it is

enough that plaintiff was tardy in his production and did not supplement its responses until

defendant so demanded.  Plaintiff's request for costs and fees is, therefore, denied.

> **E.      Defendant's Supplemental Motion to Compel**

In the District's supplemental motion to compel, it argues that it was prejudiced by

plaintiff's "untimely submission" of documents, notes, and records and several videotapes of the

minor child during therapy sessions.  Plaintiff produced these materials on July 27, 2005 (one

day before the deposition of plaintiff's expert, Dr. Dvoskin, and over a year after it had served its

discovery requests).  Dr. Dvoskin had relied on these materials in formulating her opinion and

writing her expert report.  "Based on this record," the District argues, "it is unclear whether

plaintiff is still withholding documentation that has been requested during discovery."  Def.'s

Supp. at 4.

In response, plaintiff explains that, when Dr. Dvoskin's deposition was noticed for July

28, 2005, PSI requested that Dr. Dvoskin bring all documents relating to or relied upon for the preparation of her opinions and reports, but the District made no such request.  Before the deposition, plaintiff's counsel met with Dr. Dvoskin, received her bills and notes, and–for the first time–received articles upon which she relied in formulating her opinion.  Most of Dr. Dvoskin's notes documented her personal observation of three one-hour interviews of plaintiff conducted by Dr. Lee Haller, a consulting expert.  These interviews, as well as an interview conducted by Dr. Dvoskin, were captured on videotape.  The other documents consisted of medical records that had already been produced to the District and other documents that had been produced by the defendants to plaintiff.

By producing these documents on July 27, 2005, plaintiff produced them within 30 days of learning that some of the materials were discoverable and one day before the date requested in PSI's subpoena.  Plaintiff also represents that he has produced *all* materials responsive to the document requests identified in the District's motion.  Given these representations, it is clear that plaintiff is fully complying with its discovery obligations, and the issue originally raised by the District appears moot.  This is so especially because Dr. Dvoskin's deposition went forward on July 28, 2005 and the parties agreed that Dr. Dvoskin's deposition would be, and apparently was, continued on August 10, 2005 so that defendants would have ample time to prepare for the deposition.

Curiously, in its opposition, *plaintiff* raised a separate issue, stating that the District had insinuated that it was entitled to the psychological notes, documents, and records generated or authored by plaintiff's consulting expert, Dr. Haller, who will not testify at trial.  Although the District did not request such relief from the court in its original motion, it does request such relief

in its reply.

Under Rule 26(b)(4), a party may depose an expert "who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only . . . upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Fed. R. Civ. P. 26(b)(4).

As stated above, the District has received copies of the videotapes of the interviews of plaintiff that Dr. Haller conducted.  The District argues that Dr. Haller is "more than a mere consulting expert" because plaintiff's testifying expert relied on interviews conducted by Dr. Haller without crediting Dr. Haller as the conductor of those interviews in her report.  In addition, Dr. Haller apparently opined that Bob Doe physically abused John Doe.

In the court's view, the District's receipt of Dr. Dvoskin's report and the videotapes, along with the opportunity to depose Dr. Dvoskin as to the basis of her opinions and expert report, constitute "other means" by which the District can discover what happened in Dr. Haller's interviews and how those interviews influenced Dr. Dvoskin's opinions.  The District has failed to show the "exceptional circumstances" necessary to depose a non-testifying, consulting expert, and therefore, its supplemental motion will be denied.

III.    **CONCLUSION**

Upon consideration of the motions, oppositions, and replies, it is, hereby, **ORDERED**

The District of Columbia's Motion to Compel Discovery ("Def.'s Mot.") [#187] is **GRANTED**

**IN PART and DENIED IN PART**, and District of Columbia's Supplement to Its Motion to

Compel ("Def.'s Supp.") [#214] is **DENIED**.  For any obligations imposed by this Memorandum

Order for which a specific deadline is not provided, the obligated party shall comply within 10

days of the expiration of the stay ordered by Judge Kessler on September 14, 2005.


Dated:                                                    _____
                                                          JOHN M. FACCIOLA
                                                          UNITED STATES MAGISTRATE JUDGE